**ROBERT E. ATKINSON**
CHAPTER 7 BANKRUPTCY TRUSTEE
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 617-3200
Email: Robert@ch7.vegas

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WAYNE KRYGIER<br><br>Debtor. | Case No. 19-17932-btb<br>Chapter 7<br><br>**OBJECTION TO<br>CLAIMS NO. 3 AND 5** |

Chapter 7 trustee Robert E. Atkinson ("***Trustee***"), hereby objects to Proofs of Claim No. 3 ("***Claim 3***") and No. 5 ("***Claim 5***") filed in this case, both filed by YAKOV HEFETZ ("***Creditor***").

The basis for this objection is that both claims arise from breaches of contract that occurred more than six years prior to the petition date of December 16, 2019, and thus are unenforceable against the Debtor.

Claim 3 is attached hereto as **EXHIBIT 1**, and Claim 5 is attached hereto as **EXHIBIT 2**.

This Objection is based on: the Memorandum of Points and Authorities contained herein; and the claims themselves.

DATED:  October 14, 2020          By:  _____/s/ Robert Atkinson_____
                                                  ROBERT E. ATKINSON
                                                  CHAPTER 7 BANKRUPTCY TRUSTEE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    THE CLAIMS

1.    On August 21, 2020, Creditor filed Claim No. 3, as an unsecured claim in the amount of $3,458,125.00.  [*See* **Exhibit 1**.]  For supporting documentation, the claim contains a promissory note from the year 2006, and a 2012 assignment of that note to Creditor.  The key facts are as follows:

- The note has a principal face value of $1,000,000.00.
- The interest rate was 17.25% per year.
- No monthly payment was due on the note.  The principal and all accrued interest was due in one lump sum payment on the maturity date of May 18, 2008.
- Default interest (equal to the interest rate plus 5%) begins accruing upon default.
- No calculations are included with the claim.
- No modification or extension to the note was included in the claim.

With a claim amount of $3,458,125.00, the Trustee concludes that the balloon payment on the maturity date was missed, and the note went into default at that time and has been accruing default interest since May 18, 2008.

2.    Also August 21, 2020, Creditor filed Claim No. 5, as an unsecured claim in the amount of $3,472,500.00.  [*See* **Exhibit 2**.]  For supporting documentation, the claim contains a promissory note from the year 2006 (different that the one in Claim 3 above), a 2008 first amendment to the note, a 2008 calculation, and a 2012 assignment of that note to Creditor.  The key facts are as follows:

- The note has a principal face value of $1,000,000.00.
- The interest rate was 17.25% per year.
- No monthly payment was due on the note.  The principal and all accrued interest was due in one lump sum payment on the maturity date of May 1,

2008.  The first amendment to the note changed the maturity date to be May 1, 2009.

- Default interest (equal to the interest rate plus 5%) begins accruing upon default.
- A calculation from 2008 is attached to the first amendment to the note
- No other calculations are included with the claim.
- Other than the first amendment, no other modification or extension to the note was included in the claim.

With a claim amount of $3,472,500.00, the Trustee concludes that the balloon payment on the amended maturity date was missed, and the note went into default at that time and has been accruing default interest since May 1, 2009.


## II.    LEGAL AUTHORITIES & ARGUMENT

3.    This objection is brought pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3007.

4.    The petition date for this case ("***Petition Date***") is December 16, 2019.  [DE #1].

5.    The statute of limitations for breach of written contract in Nevada is six years. NRS § 11.190(1)(b).  The limitation period commences upon knowledge of the breach. Bemis v. Estate of Bemis, 114 Nev. 1021, 1024-25, 967 P.2d 437, 439-40 (1998) ("an action for breach of contract accrues as soon as the plaintiff knows or should know of facts constituting a breach.").

6.    Because the loans went into default in 2008 (for Claim 3) and 2009 (for Claim 5), the breach occurred more than six years prior to the Petition Date, they are therefore time-barred and unenforceable against the Debtor.

-3-

### III.    RELIEF REQUESTED

7.    For the reasons described above, the Trustee respectfully requests that the Court sustain this objection, and disallow both Claim 3 and Claim 5.

# # # # #

DATED:  October 14, 2020                    By:  _____/s/ Robert Atkinson_____
                                                             ROBERT E. ATKINSON
                                                             CHAPTER 7 BANKRUPTCY TRUSTEE

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor 1    Wayne Krygier

Debtor 2   
(Spouse, if filing)

United States Bankruptcy Court for the: District of Nevada

Case number   19-17932-BTB

---

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Yakov Hefetz <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☐ No <br> ☑ Yes. From whom? Herbert Frey Revocable Trust |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| H. Stan Johnson, Esq. <br> Name | Yakov Hefetz <br> Name |
| 375 E Warm Springs, Suite 104 <br> Number    Street | 375 E. Warm Springs, Suite 104 <br> Number    Street |
| Las Vegas    NV    89119 <br> City    State    ZIP Code | Las Vegas    NV    89119 <br> City    State    ZIP Code |
| Contact phone 702-823-3500 | Contact phone |
| Contact email sjohnson@cohenjohnson.com | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____ <br>                                                                       MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

---

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____ 3,458,125.00 . **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/11/2020
               MM / DD / YYYY

_H. Stan Johnson_
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | H. Stan Johnson, Esq. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | Cohen Johnson LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 375 E. Warm Springs Road, Suite 104 | | |
| | Number  Street | | |
| | Las Vegas | NV | 89119 |
| | City | State | ZIP Code |
| Contact phone | 702-823-3500 | Email sjohnson@cohenjohnson.com | |

# ASSIGNMENT OF NOTE

| | |
|---|---|
| Assignor: | HERBERT FREY REVOCABLE TRUST |
| Assignee: | YAKOV HEFETZ |
| Note Amount: | $1,000,000 plus interest as set forth in the note |
| Date of Note: | May 18, 2006 |
| Date of Assignment: | June 18, 2012 |

For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns, transfers, and delivers to Assignee all of its right, title and interest in, to and under that certain Promissory Note, dated May 18, 2006. A copy of said Note is attached hereto as Exhibit 1.

Assignor:
HERBERT FREY REVOCABLE TRUST

By: _____
Herbert Frey, Trustee

Assignee hereby accepts all rights, risks and responsibilities relating to the Note as of the date of this assignment.

Assignee:
YAKOV HEFETZ

<u>PROMISSORY NOTE</u>

**THIS LOAN IS PAYABLE IN FULL UPON THE MATURITY DATE. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST THEN DUE AND ANY COSTS AND LATE CHARGES THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY OR MAY NOT BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THE LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE LENDER.**

$1,000,000.00

May 18, 2006
Clark County, Nevada

FOR VALUE RECEIVED, the undersigned, KRYGIER DEVELOPMENTS, LLC, a Nevada limited liability company and WAYNE KRYGIER, an individual (collectively, "Maker"), jointly and severally, promises to pay to the order of Herbert Frey, as Trustee of the Herbert Frey Revocable Trust U/A/D 11/22/82 ("Holder"), at 2747 Paradise Road, #3401, Las Vegas, Nevada 89101 (or at such other place as Holder may designate in writing) in lawful money of the United States of America, the principal sum of One Million and No/100 Dollars ($1,000,000.00) (the "Loan Amount"), with interest thereon as provided below.

### 1. Interest Rate and Calculations.

Interest shall accrue daily on the unpaid balance of this Note at a fixed rate (the "Interest Rate") equal to seventeen and one quarter percent (17.25%) per annum, compounded annually.

All interest calculations under this Note shall be made based upon a 360-day year and based on the actual number of days in the applicable calendar month and shall be compounded annually.

### 2. Accrued Interest Paid At Maturity; Maturity Date.

All interest accruing under this Note shall be payable upon Maturity, commencing on May 18, 2006 and continuing thereafter to and including May 18, 2008 (the "Maturity Date"). Maker shall have no right to extend the Maturity Date. If not sooner paid in accordance with the terms of this Note, the entire unpaid balance of this Note, including all accrued but unpaid interest and all other sums due hereunder, shall become immediately due and payable, in full, without further notice or demand, on the

[Krygier Developments, LLC]

1.

Maturity Date.

###### 3. Prepayment.

Maker may prepay this Note, in whole or in part, at any time, without premium or penalty.

###### 4. Late Charge.

In the event that Maker fails to pay any amount due hereunder or any portion thereof within five (5) business days after the due date thereof, Maker agrees to pay a late charge equal to five percent (5.0%) of the overdue amount. Maker acknowledges that it would be extremely difficult or impracticable to determine Holder's actual damages resulting from any late payment and this late charge is a reasonable estimate of those damages. Acceptance of any late charge shall not limit any of Holder's other rights or remedies under this Note, or under any other documents or agreements securing, evidencing or relating to the indebtedness evidenced by this Note, including, without limitation, the right to charge and collect interest at the Default Rate (as hereinafter defined).

###### 5. Form and Application of Payments.

All payments on this Note shall be applied first to the payment of accrued but unpaid interest due under this Note, and then to the reduction of the unpaid balance of this Note. All payments on this Note, whether voluntary or mandatory, must be received at the office of Holder before 11:00 A.M., Pacific Time, in order to be credited as a payment received on that date.

Notwithstanding the foregoing, if a law which applies to the loan evidenced by this Note and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from Maker which exceed the permitted limits will be refunded to Maker. Holder may choose to make this refund by reducing the principal amount Maker owes under this Note or by making a direct payment to Maker. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

###### 6. Events of Default.

**Time is of the essence hereof.** Upon the occurrence of any of the following events ("Events of Default"), the payment of the entire unpaid principal balance of this Note, together with all accrued but unpaid interest and any other sums due in accordance with the terms of this Note shall, at the option of Holder, be

[Krygier Developments, LLC]

accelerated and the entire unpaid principal balance of this Note, together with all accrued but unpaid interest and other sums due to Holder hereunder and thereunder shall be immediately due and payable without notice or demand:

      (a)  Default in the payment when due of any amount due hereunder, or any part thereof (unless cured within five (5) business days after such default); or

      (b)  Material breach, violation or other default by Maker of any other agreement or covenant contained herein, or in any other document or agreement evidencing, securing or relating to the indebtedness evidenced by this Note (unless cured within any applicable grace or cure period specified therein.

## 7. Default Interest Rate.

Notwithstanding anything to the contrary contained herein, from and after the occurrence of any Event of Default hereunder, interest shall accrue and shall be payable on the unpaid principal balance at the rate of five percent (5%) per annum above the Interest Rate (the "Default Rate"), until such time as this Note is paid in full, or until such Event of Default is fully cured.

## 8. Purpose of Loan.

Maker certifies that the loan evidenced by this Note is obtained for business or commercial purposes only and that the proceeds thereof shall not be used for personal, family, household or agricultural purposes.

## 9. Security for Loan.

The payment and performance of this Note is secured by the personal guarantee of Wayne Krygier.

## 10. Waivers.

Every maker, endorser, cosigner and guarantor of this Note expressly grants to Holder the right to release or to agree not to sue any other person, or to suspend the right to enforce this Note against such other person or to otherwise discharge such person; and each such maker, endorser, cosigner and guarantor agrees that the exercise of such rights by Holder shall have no effect on the liability of any other person, primarily or secondarily liable hereunder. Each maker, endorser, cosigner and guarantor of this Note waives demand for payment, presentment for payment, protest, notice of protest, notice of dishonor, notice of nonpayment, notice of acceleration of maturity, diligence in taking any action to collect sums owing hereunder and all duty or obligation of Holder to effect, protect, perfect, retain or enforce any security

[Krygier Developments, LLC]

3.

for the payment of this Note or to proceed against any collateral before otherwise enforcing this Note.

## 11. Nevada Law; Jurisdiction.

As an additional consideration for the extension of credit, each maker, endorser, cosigner and guarantor of this Note understands and agrees that the loan evidenced by this Note is made in the State of Nevada and the provisions hereof shall be construed in accordance with the laws of the State of Nevada, except to the extent preempted by federal law; and such parties further agree that in the event of a default hereunder, this Note may be enforced in any court of competent jurisdiction in the State of Nevada, and they do hereby submit to the jurisdiction of such court regardless of their residence or where this Note or any endorsement hereof may have been executed.

## 12. Collection Costs.

Maker agrees to reimburse Holder for all reasonable costs, including, without limitation, reasonable attorneys' fees, incurred to collect this Note, the Deed of Trust or any other instrument given as security for this Note, if this Note is not paid when due, or that are incurred in connection with any bankruptcy, insolvency, or reorganization proceeding or receivership involving Maker or its general partner, including the monitoring of such proceedings, and any fees and costs incurred in any post judgment proceeding to enforce a judgment. Maker agrees that Holder may from time to time extend the Maturity Date of this Note or the time any payment is due under this Note, and may accept further security or release security for the payment of this Note, without in any way affecting any obligations of Maker to Holder. Any fees and costs incurred by Holder in a post judgment proceeding to enforce a judgment shall become a separate and several obligation of Maker which survives the merger of this Paragraph 12 into any judgment.

## 13. Partial Invalidity.

If any provision hereof or of any other document or agreement evidencing, securing or relating to the indebtedness evidenced hereby is, for any reason and to any extent, invalid or unenforceable, then neither the remainder of the document in which such provision is contained, nor the application of the provision to other persons, entities or circumstances, nor any other document referred to herein, shall be affected thereby, but instead shall be enforceable to the maximum extent permitted by law.

## 14. Joint Obligation.

[Krygier Developments, LLC]

4.

If there is more than one Maker of this note, each Maker is jointly and severally obligated to keep all of the promises made herein, including the promise to pay the full amount owed. Any person or entity who is a guarantor, surety or endorser of this Note is also obligated to observe and perform this Note. Any person or entity who takes over the obligation, including the obligations of the guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. Holder may enforce its rights under this Note against each such person or entity individually, or against all such persons and entities together. This means that any one of such persons or entities may be required to pay all of the amounts owed under this Note.

### 15. Amendments.

This Note may not be terminated or amended orally, but only by a termination or amendment in writing signed by Holder and Maker.

### 16. Gender; Singular and Plural.

When the context and construction so require, all words used in the singular herein shall be deemed to have been used in the plural and the masculine shall include the feminine and neuter and vice versa. The word "person" as used herein shall include any individual, company, firm, association, partnership, corporation, trust or other legal entity of any kind whatsoever.

**"THIS NOTE CONTAINS PROVISIONS THAT WILL REQUIRE A BALLOON PAYMENT ON MATURITY"**

[Krygier Developments, LLC]

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the day and year first above written.

Address of Maker:                    KRYGIER DEVELOPMENTS, L.L.C.,
7140 Industrial Road,                a Nevada limited liability company
Suite 1200
Las Vegas, NV 89118                  By: Amland Investments, LLC,
                                     a Nevada limited liability company
                                         Its Manager


                                     By _____
                                        Wayne Krygier
                                        Manager



                                     _____
                                     WAYNE KRYGIER, INDIVIDUALLY


STATE OF NEVADA        )
                       )  ss.
COUNTY OF CLARK        )


     On May 18 , 2006, before me, M. Tagudin , a Notary Public, personally appeared WAYNE KRYGIER, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public

Notary Public - State of Nevada
County of Clark
M. TAGUDIN
My Appointment Expires
June 1, 2007
No: 03-82515-1


[Krygier Developments, LLC]

6.

# EXHIBIT 2

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Wayne Krygier |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Nevada |
| Case number | 19-17932-BTB |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Yakov Hefetz
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom? Herbert Frey Revocable Trust

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| H. Stan Johnson, Esq.<br>Name | Yakov Hefetz<br>Name |
| 375 E Warm Springs, Suite 104<br>Number      Street | 375 E. Warm Springs, Suite 104<br>Number      Street |
| Las Vegas          NV        89119<br>City          State        ZIP Code | Las Vegas          NV        89119<br>City          State        ZIP Code |
| Contact phone 702-823-3500 | Contact phone _____ |
| Contact email sjohnson@cohenjohnson.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____          Filed on __ __ / __ __ / __ __ __ __
                                                                                MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____3,472,500.00__ Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

                                            **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/11/2020
                    MM / DD / YYYY

*H. Stan Johnson*
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | H. Stan Johnson, Esq. |
| | First name      Middle name      Last name |
| Title | |
| Company | Cohen Johnson LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 375 E. Warm Springs Road, Suite 104 |
| | Number    Street |
| | Las Vegas             NV      89119 |
| | City          State    ZIP Code |
| Contact phone | 702-823-3500      Email sjohnson@cohenjohnson.com |

## ASSIGNMENT OF NOTE

Assignor:        HERBERT FREY REVOCABLE TRUST

Assignee:        YAKOV HEFETZ

Note Amount:      $1,000,000 plus interest as set forth in the note

Date of Note:      April 28, 2006

Date of Assignment:    June 18, 2012

For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns, transfers, and delivers to Assignee all of its right, title and interest in, to and under that certain Promissory Note, dated April 28, 2006. The original holder of the note was the Revekka Frey Irrevocable Trust. By way of assignment dated April 30, 2008 the note was assigned to the Herbert Frey Revocable Trust as the new holder. A copy of said Note is attached hereto as Exhibit 1.

Assignor:

HERBERT FREY REVOCABLE TRUST

By: Herbert Frey, Trustee

Assignee hereby accepts all rights, risks and responsibilities relating to the Note as of the date of this assignment.

Assignee:

YAKOV HEFETZ

ASSIGNMENT OF
AND FIRST AMENDMENT TO
PROMISSORY NOTE

THIS ASSIGNMENT OF AND FIRST AMEDMENT TO PROMISSORY NOTE (this "Amendment") is made as of April 30, 2008 by and among Krygier Developments LLC, a Nevada limited liability company, and Wayne Krygier, an individual (collectively, "Maker"), the Revekka Frey Irrevocable Trust dated December ___, 2005 ("Original Holder"), and the Herbert Frey Revocable Trust U/A/D 11/22/82 ("New Holder").

RECITALS:

A.    Original Holder is the current holder of that Promissory Note ("Note"), dated May 1, 2006, by Maker in favor of Original Holder in the principal amount of One Million Dollars ($1,000,000).

B.    New Holder has agreed to purchase the Note from Original Holder, and Original Holder has agreed to sell the Note to New Holder, on the terms and conditions set forth herein.

C.    Maker and New Holder have agreed to amend the Note as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.    Capitalized terms used herein but not defined herein shall have the meanings given in the Note.

2.    Original Holder hereby assigns, transfers and conveys to New Holder all right, title and interest of Original Holder in and to the Note.  As consideration therefore, New Holder shall pay One Million Three Hundred Eighty Seven Thousand Eight Hundred Ninety One and .01 Dollars ($1,387,891.01) to Original Holder concurrent with or promptly following the mutual execution and delivery of this Amendment.

3.    The address of New Holder for purposes of the Note shall be 2747 Paradise Road, #3401, Las Vegas, Nevada 89101, or such other address as New Holder may designate to Maker in writing.

4.    The Maturity Date is hereby changed to May 1, 2009.

5    Save and except as amended hereby, the Note shall remain unmodified and in full force and effect.

6    The laws of the State of Nevada shall govern the validity, construction, performance and effect of this Amendment.

1

7       This Amendment may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same Amendment.

IN WITNESS WHEREOF, the parties have executed this Amendment as of the date first above written.

Krygier Developments LLC, a Nevada limited liability company

By:     Amland Investments LLC, a Nevada limited liability company and its Manager

By: _____
        Wayne Krygier, Manager

_____
Wayne Krygier, Individually

_____
Revekka Frey, as Trustee of the Revekka Frey Irrevocable Trust dated December ___, 2005

_____
Herbert Frey, as Trustee of the Herbert Frey Revocable Trust U/A/D 11/22/82

2

| Krygier Development, LLC | | | Matures 5/1/08 | | | Interest due at maturity | | | |
|---|---|---|---|---|---|---|---|---|---|
| Revekka Frey Irrevicable Trust | | | Compounds Annually | | | | | | |
| Interest rate | | 17.25% | | | | | | | |
| | | | | | | | | | |
| Date | | Amount | Principal Plus | | | Cumm. | | | |
| From | To | Received | Acc. Interest | | Interest | Interest | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| 4/28/2006 | 12/31/2006 | $ 1,000,000.00 | $ 1,000,000.00 | $ | 118,833.33 | $ | 118,833.33 | (Book per month: $14,854.17) | |
| 1/1/2007 | 12/31/2007 | $ 118,833.33 | $ 1,118,833.33 | $ | 192,998.75 | $ | 311,832.08 | (Book per month: $16,083.23) | |
| 1/1/2008 | 5/1/2008 | $ 192,998.75 | $ 1,311,832.08 | $ | 76,058.93 | $ | 387,891.01 | (Book per month: $19,014.73) | |

<u>PROMISSORY NOTE</u>

THIS LOAN IS PAYABLE IN FULL UPON THE MATURITY DATE. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST THEN DUE AND ANY COSTS AND LATE CHARGES THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY OR MAY NOT BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THE LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE LENDER.

$1,000,000.00

April 28, 2006
Clark County, Nevada

FOR VALUE RECEIVED, the undersigned, KRYGIER DEVELOPMENTS, LLC, a Nevada limited liability company and WAYNE KRYGIER, an individual (collectively, "Maker"), jointly and severally, promises to pay to the order of the Revekka Frey Irrevocable Trust dated December ___, 2005 ("Holder"), c/o Herbert Frey, Trustee, at 2747 Paradise Road, #3401, Las Vegas, Nevada 89101 (or at such other place as Holder may designate in writing) in lawful money of the United States of America, the principal sum of One Million and No/100 Dollars ($1,000,000.00) (the "Loan Amount"), with interest thereon as provided below.

1.    **Interest Rate and Calculations.**

Interest shall accrue daily on the unpaid balance of this Note at a fixed rate (the "Interest Rate") equal to seventeen and one quarter percent (17.25%) per annum, compounded annually.

All interest calculations under this Note shall be made based upon a 360-day year and based on the actual number of days in the applicable calendar month and shall be compounded annually.

2.    **Accrued Interest Paid At Maturity; Maturity Date.**

All interest accruing under this Note shall be payable upon Maturity, commencing on April 28, 2006 and continuing thereafter to and including May 1, 2008 (the "Maturity Date"). Maker shall have no right to extend the Maturity Date. If not sooner paid in accordance with the terms of this Note, the entire unpaid balance of this Note, including all accrued but unpaid interest and all other sums due hereunder, shall become immediately due and payable, in full, without further notice or demand, on the

[Krygier Developments, LLC]

1.

Maturity Date.

3.    **Prepayment.**

Maker may prepay this Note, in whole or in part, at any time, without premium or penalty.

4.    **Late Charge.**

In the event that Maker fails to pay any amount due hereunder or any portion thereof within five (5) business days after the due date thereof, Maker agrees to pay a late charge equal to five percent (5.0%) of the overdue amount. Maker acknowledges that it would be extremely difficult or impracticable to determine Holder's actual damages resulting from any late payment and this late charge is a reasonable estimate of those damages. Acceptance of any late charge shall not limit any of Holder's other rights or remedies under this Note, or under any other documents or agreements securing, evidencing or relating to the indebtedness evidenced by this Note, including, without limitation, the right to charge and collect interest at the Default Rate (as hereinafter defined).

5.    **Form and Application of Payments.**

All payments on this Note shall be applied first to the payment of accrued but unpaid interest due under this Note, and then to the reduction of the unpaid balance of this Note. All payments on this Note, whether voluntary or mandatory, must be received at the office of Holder before 11:00 A.M., Pacific Time, in order to be credited as a payment received on that date.

Notwithstanding the foregoing, if a law which applies to the loan evidenced by this Note and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from Maker which exceed the permitted limits will be refunded to Maker. Holder may choose to make this refund by reducing the principal amount Maker owes under this Note or by making a direct payment to Maker. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

6.    **Events of Default.**

**Time is of the essence hereof.** Upon the occurrence of any of the following events ("Events of Default"), the payment of the entire unpaid principal balance of this Note, together with all accrued but unpaid interest and any other sums due in accordance with the terms of this Note shall, at the option of Holder, be

[Krygier Developments, LLC]

2.



accelerated and the entire unpaid principal balance of this Note, together with all accrued but unpaid interest and other sums due to Holder hereunder and thereunder shall be immediately due and payable without notice or demand:

      (a)   Default in the payment when due of any amount due hereunder, or any part thereof (unless cured within five (5) business days after such default); or

      (b)   Material breach, violation or other default by Maker of any other agreement or covenant contained herein, or in any other document or agreement evidencing, securing or relating to the indebtedness evidenced by this Note (unless cured within any applicable grace or cure period specified therein.

### 7. Default Interest Rate.

Notwithstanding anything to the contrary contained herein, from and after the occurrence of any Event of Default hereunder, interest shall accrue and shall be payable on the unpaid principal balance at the rate of five percent (5%) per annum above the Interest Rate (the "Default Rate"), until such time as this Note is paid in full, or until such Event of Default is fully cured.

### 8. Purpose of Loan.

Maker certifies that the loan evidenced by this Note is obtained for business or commercial purposes only and that the proceeds thereof shall not be used for personal, family, household or agricultural purposes.

### 9. Security for Loan.

The payment and performance of this Note is secured by the personal guarantee of Wayne Krygier.

### 10. Waivers.

Every maker, endorser, cosigner and guarantor of this Note expressly grants to Holder the right to release or to agree not to sue any other person, or to suspend the right to enforce this Note against such other person or to otherwise discharge such person; and each such maker, endorser, cosigner and guarantor agrees that the exercise of such rights by Holder shall have no effect on the liability of any other person, primarily or secondarily liable hereunder. Each maker, endorser, cosigner and guarantor of this Note waives demand for payment, presentment for payment, protest, notice of protest, notice of dishonor, notice of nonpayment, notice of acceleration of maturity, diligence in taking any action to collect sums owing hereunder and all duty or obligation of Holder to effect, protect, perfect, retain or enforce any security

[Krygier Developments, LLC]

3.



for the payment of this Note or to proceed against any collateral before otherwise enforcing this Note.

### 11. Nevada Law; Jurisdiction.

As an additional consideration for the extension of credit, each maker, endorser, cosigner and guarantor of this Note understands and agrees that the loan evidenced by this Note is made in the State of Nevada and the provisions hereof shall be construed in accordance with the laws of the State of Nevada, except to the extent preempted by federal law; and such parties further agree that in the event of a default hereunder, this Note may be enforced in any court of competent jurisdiction in the State of Nevada, and they do hereby submit to the jurisdiction of such court regardless of their residence or where this Note or any endorsement hereof may have been executed.

### 12. Collection Costs.

Maker agrees to reimburse Holder for all reasonable costs, including, without limitation, reasonable attorneys' fees, incurred to collect this Note, the Deed of Trust or any other instrument given as security for this Note, if this Note is not paid when due, or that are incurred in connection with any bankruptcy, insolvency, or reorganization proceeding or receivership involving Maker or its general partner, including the monitoring of such proceedings, and any fees and costs incurred in any post judgment proceeding to enforce a judgment. Maker agrees that Holder may from time to time extend the Maturity Date of this Note or the time any payment is due under this Note, and may accept further security or release security for the payment of this Note, without in any way affecting any obligations of Maker to Holder. Any fees and costs incurred by Holder in a post judgment proceeding to enforce a judgment shall become a separate and several obligation of Maker which survives the merger of this Paragraph 12 into any judgment.

### 13. Partial Invalidity.

If any provision hereof or of any other document or agreement evidencing, securing or relating to the indebtedness evidenced hereby is, for any reason and to any extent, invalid or unenforceable, then neither the remainder of the document in which such provision is contained, nor the application of the provision to other persons, entities or circumstances, nor any other document referred to herein, shall be affected thereby, but instead shall be enforceable to the maximum extent permitted by law.

### 14. Joint Obligation.

[Krygier Developments, LLC]

4.

If there is more than one Maker of this note, each Maker is jointly and severally obligated to keep all of the promises made herein, including the promise to pay the full amount owed. Any person or entity who is a guarantor, surety or endorser of this Note is also obligated to observe and perform this Note. Any person or entity who takes over the obligation, including the obligations of the guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. Holder may enforce its rights under this Note against each such person or entity individually, or against all such persons and entities together. This means that any one of such persons or entities may be required to pay all of the amounts owed under this Note.

### 15. Amendments.

This Note may not be terminated or amended orally, but only by a termination or amendment in writing signed by Holder and Maker.

### 16. Gender; Singular and Plural.

When the context and construction so require, all words used in the singular herein shall be deemed to have been used in the plural and the masculine shall include the feminine and neuter and vice versa. The word "person" as used herein shall include any individual, company, firm, association, partnership, corporation, trust or other legal entity of any kind whatsoever.

**"THIS NOTE CONTAINS PROVISIONS THAT WILL REQUIRE A BALLOON PAYMENT ON MATURITY"**

[Krygier Developments, LLC]

5.

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the day and year first above written.

Address of Maker:
7140 Industrial Road,
Suite 1200
Las Vegas, NV 89118

KRYGIER DEVELOPMENTS, L.L.C.,
a Nevada limited liability company

By: Amland Investments, LLC,
a Nevada limited liability company
    Its Manager

By _____
    Wayne Krygier,
    Manager

_____
WAYNE KRYGIER, INDIVIDUALLY

STATE OF NEVADA        )
                       )  ss.
COUNTY OF CLARK        )

On _April 28th__, 2006, before me, _Heidi Stewart__, a Notary Public, personally appeared WAYNE KRYGIER, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public

HEIDI M. STEWART
Notary Public
State of Nevada
Appt. No. 05-99039-1
My Appt. Expires Aug. 16, 2009

[Krygier Developments, LLC]

6.